UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CROTON WATCH CO., INC.,

    Plaintiff,

v.

NATIONAL JEWELER MAGAZINE, INC. AND
TESLAR INSIDE CORPORATION,

    Defendants.

CASE NO. 06-CV-662 (GD)

### DEFENDANT TESLAR INSIDE CORPORATION'S
### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Teslar Inside Corporation ("Teslar") serves its Reply Memorandum and states the following:

In its attempt to paint the alleged statements made in National Jeweler Magazine, Inc.'s ("National Jeweler") article as false and defamatory, Plaintiff itself twists and misconstrues the context of the *whole* article. By focusing solely on piece-meal allegations taken out of the context of the entire article, Plaintiff misses the point of the review required by the Court.

As both parties have identified in their papers, the Court's review is limited to the allegations contained within the Complaint.[1] Contrary to Plaintiff's suggestion, the Court is not being asked to resolve issues of fact at this stage. There is no need to resolve issues of fact because Plaintiff's claims fail as a matter of law.

"Whether a statement is capable of defamatory meaning is a threshold question of law to be resolved by the court." *Abbott v. Harris Publ., Inc.*, 97 Civ. 7648, 1998 U.S. Dist. LEXIS

---

[1] Accordingly, Plaintiff's citations to declarations submitted by Alexander Berger and David Mermelstein are improper and should not be considered by this Court.

18990, *11 (S.D.N.Y. Dec. 4, 1998). Moreover the Court may go beyond the four corners of the Complaint and consider the alleged defamatory publication and, "the Court may look at the entire document to assess the context of the complained-of-words" to determine whether the alleged statements are defamatory. *See id.* Therefore the context of the entire National Jeweler article is properly before this Court as a question of law.

Turning to Plaintiff's allegations, a comparison of the entire National Jeweler article against the Consent Judgment[2] entered by Judge Gold reveals that the proceedings of the previous litigation between Plaintiff and Teslar are accurately and fairly reported. Plaintiff maintains that the fact that it agreed to an entry of judgment changes the nature of an order that permanently enjoins Plaintiff from engaging in activity previously alleged by Teslar. In other words, Plaintiff's argument that a consent judgment means that Teslar did not "win" wholly ignores the fact that Teslar obtained the relief it sought – a permanent injunction – against the defendant, Croton Watch Co., Inc. ("Croton"), the plaintiff in this case.

According to Black's Law Dictionary, a prevailing party is: "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded." BLACK'S LAW DICTIONARY 1145 (7th ed. 1999). Despite Croton's consent to the entry of judgment in the prior litigation, the consent judgment represents a court ordered change in the legal relationship between the two parties because Croton is permanently enjoined from, among other things, selling watches containing Teslar's trade dress. Thus, for the purposes of awarding attorney's fees, Teslar could legally be considered the prevailing party in its prior action against Croton. *See Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human*

---

[2] The Consent Judgment is attached to Teslar's Motion to Dismiss as Exhibit A and is also properly before this Court as the order is subject to judicial notice.

2

*Resources*, 532 U.S. 598, 604 (2001) (noting that consent decrees, even without admissions of liability can serve as basis for award of attorney's fees). If Teslar could be considered a "prevailing party," then the assertion that Teslar "won" its case is not false.

Plaintiff next identifies the statement in the article that reports Teslar "won a trademark infringement case" and claims this statement is false. The Consent Judgment acknowledges that Teslar alleged that Croton infringed upon Teslar's trade dress. Considering that trade dress infringement actions are brought under the same federal statute, 15 U.S.C. § 1125, as are trademark infringement matters, the fact that that the article refers to trademarks and not trade dress does not render the statement false. Indeed the United States Supreme Court has noted that there is no textual basis to analyze a trademark infringement action differently than one for trade dress infringement. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 773 (1992). There can be no defamatory connotation supplied to the words used in the news article under their ordinary meaning. If the whole article is compared to the Consent Judgment, it is evident that the entire gist of the article, while not entirely precise, is nonetheless substantially true. *See Posner v. New York Law Publ'g Co.*, 644 N.Y.S.2d 227, 227 (N.Y. App. Div. 1996) (finding that minor inaccuracies in newspaper article did not alter the substantial accuracy of article). Thus the alleged statements are not actionable.

Moreover, the single-instance exception is applicable in this case based on the allegations of the Amended Complaint. According to the Complaint, it is National Jeweler that published the article read by alleged potential customers, not Teslar.[3] (*See* Am. Compl. ¶¶ 18, 26-27 &

---

[3] Because the Court's analysis is limited to the allegations of the Amended Complaint and documents incorporated by reference, Teslar has not submitted a copy of its press release. The gravamen of Plaintiff's Complaint is the manner in which the previous litigation was reported in the National Jeweler magazine. Despite the allegations that National Jeweler published the article and that it failed to first review the Consent Judgment, National Jewelers has

3

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida 33131-1811  305.373.9400

36). The Amended Complaint alleges only that Teslar provided allegedly false statements to National Jeweler in the form of a press release. (*See* Am. Compl. ¶¶ 17 & 35). Lastly, the Amended Complaint alleges that National Jeweler, not Teslar, placed the article on the National Jeweler website. (*See* Am. Compl. ¶¶ 16 & 30). Based simply on the allegations of the Amended Complaint, Teslar only published allegedly defamatory statements once, the *single instance* when they were made to National Jeweler. In any event, it is not the number of times that a defamatory statement is published that controls, but rather the number of wrongful acts published. *See Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 181 (2d Cir. 2000). In the present case, only one "wrongful act" – that of infringement – is referenced in the article.

Plaintiff further maintains that the single-instance exception is unavailable as a defense in actions for defamation *per se*. Plaintiff failed to cite a single authority in support of this position. In *RMS Technologies*, cited by both parties, the court held that the defamatory statements went beyond complaints about a single service or product. *RMS Techs., Inc. v. NYNEX Computer Servs. Co.*, 1993 N.Y. Misc. LEXIS 616, *8 (1st Dept. June 21, 1993). In the instant case, the allegations concern defamatory statements relating to a single product, namely, Plaintiff's watch that resembled Teslar's product. Therefore the single-instance exception applies here and Plaintiff must plead special damages.

The Amended Complaint does not contain allegations regarding Teslar's alleged interference with established business relationships, but rather alleges interference with *prospective* customers. As a result, the law requires Plaintiff to allege that Teslar's interference

---

yet to make an appearance in this case. The email from National Jeweler's counsel attached as Exhibit B to the Amended Complaint is thus, irrelevant, misleading and unfair. At no time has National Jeweler conceded, nor does the attached email evidence otherwise, that the article was false and required correction. Indeed in subsequent emails, National Jeweler has indicated its intent to fully defend itself in this litigation.

4

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

involved wrongful means, such as a crime or independent tort. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (N.Y. 2004). As suggested by Plaintiff, the independent tort alleged is defamation. Accordingly, *Treppel v. Biovail* does provide guidance under the circumstances in this case. *See Treppel v. Biovail*, 2005 U.S. Dist. LEXIS 18511 (S.D.N.Y. Aug. 30, 2005). Like the tortious interference claim in *Treppel*, this claim must fail because Plaintiff's defamation claim (i.e. independent tort) fails as a matter of law. *See Treppel*, 2005 U.S. Dist. LEXIS 18511 at *14-15 (finding that tortious interference claim had to be premised on non-defamatory conduct of certain defendants because defamation claims against these defendants were insufficient).

Lastly, Plaintiff cannot establish a claim for false advertising and unfair competition. Plaintiff's lamentations regarding the alleged effect of the National Jeweler article does not change the actual content of the news article. Assuming that the National Jeweler article is entirely based on Teslar's press release, Plaintiff still cannot allege all the elements necessary for this claim. Plaintiff's ability to pursue its Lanham Act claim rests not in its ability to allege a connection between the press release and the news article.

The news article reports that a court issued an injunction against Plaintiff, that Plaintiff's watches do not contain the same technology as Teslar watches and that Plaintiff agreed to cease sales of the offending watch. In short, the news article concerns the ***outcome*** of previous litigation between the two parties, and not the nature, characteristic, qualities, or geographic origin of Teslar's goods. Therefore, Plaintiff cannot establish its claim under the Lanham Act as a matter of law. *See e.g. Porous Media Corp. v. Pall Corp.*, 201 F.3d 1058, 1059 (8th Cir. 2000) (affirming district court's determination that press release describing lawsuits between parties did not constitute a disparagement of the goods, service or business of another).

5

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida 33131-1811  305.373.9400

CASE NO. 06-CV-662 (GD)

The issues raised in Teslar's Motion to Dismiss were raised once before and prompted Plaintiff to file an Amended Complaint. The same deficiencies identified by Teslar's first Motion to Dismiss remain in the Amended Complaint. Therefore Plaintiff's claims should be dismissed in their entirety and Plaintiff should not be permitted to further amend its Complaint

For the foregoing reasons and those set forth in Teslar's memorandum of law in support of its Motion to Dismiss, Plaintiff has failed to state a cause of action upon which relief may be granted.

                                  Respectfully submitted,

                                  BROAD AND CASSEL
                                  Attorneys for Defendant, Teslar
                                  One Biscayne Tower, 21st Floor
                                  2 South Biscayne Boulevard
                                  Miami, Florida 33131
                                  Telephone: 305.373.9425
                                  Facsimile: 305.995.6385

By:   /S_Mark F. Raymond, P.A.
        Mark F. Raymond, P.A.(MR 1583)
        Florida Bar No.: 0373397
        Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss has been served via U.S. Mail upon Max Moskowitz, Esq. Ostrolenk, Faber, Gerb & Soffen, LLP, 1180 Avenue of the Americas, New York, New York 10036 on the 1st day of May, 2006.

                                  By:/S Mark F. Raymond P.A.

6

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400