Max Moskowitz (MM 5866)
Douglas Q. Hahn (DH 3032)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 382-0700
Facsimile:  (212) 382-0888

Attorney for Plaintiff Croton Watch Co., Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CROTON WATCH CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL JEWELER MAGAZINE, INC.<br>and TESLAR INSIDE CORPORATION.<br><br>Defendants. | Civil Action No.:<br>06 CV 662 (GD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 7, 2006 ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Croton Watch Co. Inc. ("Croton") moves for reconsideration pursuant to Fed. R. Civ. P. 60 and Local Rule 6.3 of that portion of this Court's August 7, 2006 Memorandum Decision and Order dismissing Plaintiff's Third Cause of Action for False Advertising and Unfair Competition under the Lanham Act 15 U.S.C. §1125(a).

{00781898.2}

After Teslar's Motion to Dismiss Croton's Amended Complaint was briefed and submitted, the National Jeweler magazine retracted the original story and printed the following in the June 16, 2006 issue (attached as Exhibit A):

> **Correction: Croton Watch/Teslar case clarified**
>
> A headline and article in the March 1, 2005 edition of NATIONAL JEWELER incorrectly reported that Philip Stein Teslar won a trademark case against ShopNBC and Croton Watch Co.
>
> In fact, in the lawsuit, the parties lodged claims and counterclaims against one another. The matter never reached the stage where a judge was requested to hear the facts or issue any legal ruling. Rather, the parties reached a mutually agreed upon settlement. There was no prevailing party in the lawsuit, and the judge was asked to sign a legal paper that was prepared by the attorneys for Croton, ShopNBC and Philip Stein Teslar.
>
> Lastly, the article also displayed a photo of a watch and incorrectly implied that the watch was sold by Croton. Actually, it was not and the caption underneath the watch which designates the watch as the "Croton Unisex Stainless Steel Dual Tie Zone Watch by Philip Stein Teslar" was incorrect. NATIONAL JEWELER regrets any misunderstanding.

In addition, National Jeweler has also seen fit to print a letter, by David Mermelstein, President of Croton Watch Co., to further explain and ameliorate the economic harm to Croton occasioned by the original article (Exhibit B).

In dismissing Croton's Third Cause of Action, this Court found that the March 1, 2005 National Jeweler article could not constitute commercial speech because it was journalistic. Specifically, the Court explained that "[a] plaintiff cannot adequate [sic] plead a violation of the Lanham Act by simply alleging that the defendant caused a journalist to write the article, the contents of which plaintiff finds objectionable." Memorandum Decision and Order, p. 19. Croton submits that the Court incorrectly found that this article was journalistic when, in fact, the

weight of the evidence and attendant circumstances indicate that it is customary in the industry for companies to issue "press releases" for the sole purpose of the press releases being picked up and disseminated widely by various trade publications. Respectfully, the Court improperly imposed its own perception of trade industry "journalism" on the Amended Complaint in this matter. The facts alleged in the Amended Complaint contend otherwise.

The piece published by the magazine was not "journalistic." The underlying facts were not investigated by the article writer and were not the subject of any editorial commentary. The allegations in the Amended Complaint are that the custom in the trade industry is to issue "press releases" for the press to pick up and regurgitate. That is what Teslar intended and that is what happened here. This does not give rise to "per se" immunity grounded in "journalism."

A business entity can not email a press release to a journal stating "company A sells dangerous products," to be published, and then defend that the publication is a "journalistic" piece. Calling the March 1, 2006 article "journalistic" is factually wrong, even though it was published in a magazine. Yet this was precisely the same determination that this Court made in dismissing Plaintiff's Third Cause of Action. If discovery were to reveal that Teslar was involved in authoring the March 1, 2005 article, then that article could hardly be called journalistic, much less journalistic as a matter of law as the Court found.

Croton respectfully requests that this Court reconsider its dismissal of Croton's Third Cause of Action and permit Croton discovery into the authorship of the March 1, 2005 article, which has now been corrected by National Jeweler Magazine.

Dated: New York, New York
August 17, 2006

Respectfully submitted,

By: _____
Max Moskowitz (MM 5866)
Douglas Q. Hahn (DH 3032)

OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff
Croton Watch Co., Inc.