UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CROTON WATCH CO, INC.,                                MEMORANDUM DECISION
                                                          AND ORDER

                              Plaintiff,                 06 CV 662 (GBD)

            -against-

NATIONAL JEWELER MAGAZINE, INC.
and TESLAR INSIDE CORPORATION,

                              Defendants.
-----------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

Plaintiff, Croton Watch Co., Inc. moved, pursuant to Fed.R.Civ.P. 60 and Local Rule 6.3,

for reconsideration of that portion of this Court's Memorandum Decision and Order, dated

August 7, 2006, dismissing plaintiff's third cause of action against defendant Teslar Inside

Corporation ("Teslar") for false advertising and unfair competition under the Lanham Act, 15

U.S.C. § 1125(a).

Plaintiff's action arises as a result of an article that was printed in a trade magazine

concerning the resolution of a prior infringement action commenced by defendant Teslar against

plaintiff.  In dismissing plaintiff's Lanham Act claim, this Court ruled that the allegations

regarding the subject article did not constitute commercial speech, but rather it was a journalistic

article.  The Lanham Act prohibits the use of false or misleading representations in commercial

advertising or promotion.  15 U.S.C. § 1125(a).  Plaintiff now argues that the Court "improperly

imposed its own perception of trade industry 'journalism' on the Amended Complaint" and

failed to recognize "that it is customary in the industry for companies to issue 'press releases' for

the sole purpose of the press releases being picked up and disseminated widely by various trade

publications." (Pl.'s Mem. Supp. Recons. Mot. at 3).  Plaintiff maintains that the underlying

facts in the article were not investigated by the journalist, nor were they the subject of any editorial commentary. Plaintiff argues that "[i]f discovery were to reveal that Teslar was involved in authoring the . . . article, then the article could hardly be called journalistic, much less journalistic as a matter of law as the Court found." (Id.).[1]

"To be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (*quoting* Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); see also, Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Winkler v. Metro. Life Ins. Co., 2006 WL 2850247, at *1 (S.D.N.Y. Sept. 28, 2006) (*quoting* In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)). A motion to reconsider should be denied where the movant simply seeks to relitigate an issue already decided by the Court. Shrader, 70 F.3d at 257. Such a motion may not be used as a substitute for an appeal of a final judgment. See, Newman v. RCN Telcom Servs., Inc., - - F.Supp.2d - -, 2006 WL 2588020, at *1 (S.D.N.Y. Sept. 5, 2006); SEC v. Ashbury Capital

---

[1] In fact, the amended complaint never alleged that Teslar authored the article. The pleadings allege that the National Jeweler Magazine article was based on a conversation and a press release by Teslar. The amended complaint alleged that "National Jeweler Magazine prepared this article" and that the article "interpreted the press release." (Am. Compl. ¶ 35).

Partners, L.P., 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)

Plaintiff does not specify any matter or controlling decision which it believes the Court overlooked.[2] Rather, plaintiff merely disagrees with the Court's finding that the allegations regarding the subject article do not constitute commercial speech for purposes of the Lanham Act. There is no merit to plaintiff's argument that the Court erred in disregarding Teslar's intent that its press release would serve as an informational source for the press. As this Court found, plaintiff could not state a cognizable claim, under the Lanham Act, by "simply alleging that defendant caused a journalist to write the article, the content of which plaintiff finds objectionable." Croton Watch v. Nat'l Jeweler Magazine, Inc., 2006 WL 2254818, at *10 (S.D.N.Y. Aug. 7, 2006). Plaintiff's mere, unsubstantiated hope that discovery may yield evidence that Teslar was actively engaged in writing the article is insufficient to withstand a motion to dismiss.

Plaintiff's motion for reargument is denied.
Dated: New York, New York
October 16, 2006

SO ORDERED:

_George B Daniels_

GEORGE B. DANIELS
United States District Judge

---

[2] Plaintiff now attempts to submit, in support of its motion, two items printed in the subject trade magazine after Teslar's motion to dismiss was fully briefed, *to wit*, an article correcting its prior report and a letter to the editor written by plaintiff's president addressing his perceived inaccuracies in the original article. (Pl.'s Mem. Supp. Recons. Mot. at 2, Ex. B, C). Even if these exhibits were considered, despite the fact that they were not before the Court when it entertained Teslar's motion to dismiss, they would have no impact on the finding that dismissal was warranted. Merely because a magazine wishes to correct a prior news story, or to print a letter to the editor, does not transform a journalistic article into commercial speech.